928 F.2d 407
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
SOFT SHEEN PRODUCTS, INCORPORATED, Plaintiff-Appellee,
v.
REVLON, INCORPORATED and Roux Laboratories, Defendants-Appellants.
 No. 89-2356.
 United States Court of Appeals, Seventh Circuit.
 Argued June 7, 1990.
Decided March 14, 1991.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 86 C 1753, Ann Claire Williams, Judge.
 N.D.Ill.
 APPEAL DISMISSED.
 Before COFFEY, and RIPPLE, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Revlon (and Roux, its co-defendant and subsidiary) appealed from parts of orders entered March 31 and May 31, 1989. In each case, the appeal was from a finding that defendants were in contempt of the preliminary injunction of September 23, 1987.
 
 
 2
 The orders provided for a hearing on damages at a date to be set later. Thus, they are not final and we have no jurisdiction under 28 U.S.C. Sec. 1291. Szabo v. U.S. Marine Corp., 819 F.2d 714, 717 (7th Cir.1987); Motorola, Inc. v. Computer Displays Intern, 739 F.2d 1149, 1154 (7th Cir.1984).
 
 
 3
 The orders did not explicitly grant, continue, modify, or refuse to dissolve or modify an injunction. The conduct found contemptuous occurred while the preliminary injunction was unquestionably in force, and the issue determined was whether the conduct fell within the terms of the injunction. We think it clear that the court's findings that particular conduct was within the scope of the injunction fell on the side of "true interpretation" and, even if erroneous, were not "so expansive as to be, in effect, a modification." See Motorola, Inc., 739 F.2d at 1155. Thus, there is no appellate jurisdiction under 28 U.S.C. Sec. 1292(a).
 
 
 4
 This case began on March 12, 1986, when Soft Sheen Products, Inc., a manufacturer of hair care products designed for the black community, sued Revlon, Inc. and its wholly-owned subsidiary, Roux Laboratories, Inc., (collectively "Revlon"), alleging statutory and common law trademark and trade dress infringement, unfair competition, and deceptive trade practices. According to Soft Sheen, in 1984, Revlon began marketing its "Creme of Nature" hair care products in bottles displaying a yellow and red color scheme which was a "copy or at least a colorable imitation of Soft Sheen's distinctive yellow and red color trademark and trade dress." Complaint at 6.
 
 
 5
 After a hearing, Chief Judge McGarr granted Soft Sheen a preliminary injunction. The court enjoined Revlon from infringing Soft Sheen's trade dress, which was described as
 
 
 6
 those elements of its hair care product line that are arbitrary and non-functional, including the bright yellow background color of its packaging with bright red graphics located on the upper half of the package and particularly where the package is generally cylindrical with a red closure.
 
 
 7
 Soft Sheen Products, Inc. v. Revlon, Inc., 675 F.Supp. 408, 417 (N.D.Ill.1987).
 
 
 8
 The case was later transferred to Judge Williams, who ultimately made the findings of contempt which Revlon wants to challenge.
 
 
 9
 Soft Sheen's motion for contempt by Revlon claimed violation of the injunction by Revlon at a Chicago trade show in February, 1988. The alleged violation was display of two products in particular: Creme of Nature Instant Moisturizer in a yellow and red container, and Creme of Nature Professional Strength Relaxer, in a cylindrical jar with yellow and red colors. In her March 31, 1989 order, Judge Williams considered the trade dress of the Moisturizer and found that Revlon had violated the injunction's prohibition against causing the enjoined trade dress to be used, sold, marketed, or advertised. As to the Relaxer, she found the jar had a yellow top, whereas the enjoined product had a red top, and declined to find contempt. On reconsideration, Judge Williams' May 31, 1989 order found the trade dress of the Relaxer "confusingly similar" to Soft Sheen's trade dress as prohibited by other language in the injunction, and found Revlon in contempt, this time as to the Relaxer. We are told that because this appeal is pending, the court postponed the damage hearing.
 
 
 10
 What Revlon really propounds is that by reason of an order of dismissal and a settlement in the spring of 1988, the district court no longer had authority to find Revlon in contempt, even for conduct which took place before the dismissal or settlement.
 
 
 11
 On April 28, 1988, a "minute order" was entered. Dated April 27, it said "Order case dismissed with leave to reinstate with [in] thirty days, pursuant to settlement. Said dismissal does not affect the previously entered preliminary injunction." Other markings on the form indicate that a pretrial conference was set for May 17, 1988 and that the case was dismissed with prejudice by agreement. A minute order dated May 17 indicated that the pretrial conference was held, and recited "Stipulation to dismiss to be filed within a short date." The docket reflects a minute order of May 27, extending leave to reinstate for thirty days.
 
 
 12
 On June 14, 1988, Soft Sheen filed a motion to reinstate and for contempt.
 
 
 13
 The court's March 31, 1989 order included the following actions:
 
 
 14
 (1) The court found that neither the parties' dispute over the existence of a term of their settlement agreement nor their differing interpretations of the preliminary injunction will preclude the enforcement of the oral settlement agreement reached on May 17, 1988. "Accordingly, the court will enforce the settlement agreement."
 
 
 15
 (2) Soft Sheen's motion to reinstate was denied because the court will enforce the settlement agreement.
 
 
 16
 (3) Soft Sheen's motion for contempt was partially granted as already described.
 
 
 17
 (4) Because of arguments by Soft Sheen in support of its motion to reinstate which "are not warranted by existing law," a $1000 sanction was imposed on Soft Sheen and its counsel.
 
 
 18
 There was a notation: "The Court's opinion is being issued in a redacted form to preserve the confidentiality of the parties' settlement agreement."
 
 
 19
 The parties briefed and argued the merits. Their arguments reflect differing views concerning the legal effect of the April 27, 1988 minute order and the settlement negotiations. We do not have jurisdiction to reach the merits. We do note the conflicting views because the record is murky, and we hope that in the course of further proceedings the district court will do whatever is feasible to clarify these matters.[1]
 
 
 20
 At oral argument, counsel for Soft Sheen said he could not have appealed from the part of the March 31 order that the court would enforce the settlement because it was not a final order.
 
 
 21
 We deny Soft Sheen's motion for an allowance of fees under Rule 38, F.R.A.P.
 
 
 22
 APPEAL DISMISSED.
 
 
 
 [1]
 The following quotations from the parties' briefs illustrate the conflicts referred to
 Portions of Revlon's argument are as follows:
 Judge Williams had no power to enforce the Preliminary Injunction against Revlon because the April 27, 1988 Dismissal Order dissolved the injunction and divested the district court of subject matter jurisdiction. Even if the district court somehow retained jurisdiction after the dismissal, that jurisdiction ended when the parties settled the case. It was an abuse of discretion to exercise jurisdiction where it cannot be disputed that the parties agreed in the settlement that the Preliminary Injunction was dissolved.
 Appellants Brief, p. 15.
 Soft Sheen's Contempt Claims merged into the settlement.
 Id., p. 20.
 Portions of Soft Sheen's arguments are as follows:
 The District Court's April 27, 1988 order did not dissolve the injunction.
 Appellee's Brief, p. 6.
 The preliminary injunction was to remain in effect until entry of the stipulated final order. As the stipulated order was not consummated, and as the case continues for a damage hearing on Revlon's contumacious behavior, the injunction remains in effect to prevent further infringement.
 Id., p. 8.
 The District Court never unconditionally dismissed this case....
 Id., p. 20.
 A finding of contempt made after any settlement agreement but before dismissal, and based upon facts not known until after that settlement agreement, cannot be "extinguished" by that agreement.
 Id., p. 25.